GOLDMAN v. TOBIAS et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. FAILURE OF PROOF—DISMISSAL—RES JUDICATA.
    Dismissal for failure of proof is not on the merits, and does not bar the bringing of another action.

2. ACTIONS—COMMENCEMENT—SERVICE OF SUMMONS.
    Under Municipal Court Act, § 26 (Laws 1902, p. 1498, c. 580), providing that an action is commenced by the service of summons, and section 30 (Laws 1902, p. 1499, c. 580), declaring that an action shall be deemed commenced at the time the summons is actually delivered for service, an action in which a summons and alias summons were issued, the latter only appearing to have been served, was not commenced until the alias summons was issued and served.

3. COUNTERCLAIM—PREVIOUSLY ASSIGNED JUDGMENT.
    Defendant cannot counterclaim a judgment against plaintiff which had been assigned before commencement of the action.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Raphael Goldman against David I. Tobias and another. From a judgment for defendants, plaintiff appeals. Reversed.

¶ 1. See Judgment, vol. 30, Cent. Dig. § 1031.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Moses Jaffe, for appellant.
Julius D. Tobias, for respondents.

FREEDMAN, P. J. This action was brought upon an undertaking given in a replevin action in which the plaintiff's assignor, one Radin, was defendant and one Rogow was plaintiff. In the action in replevin these defendants became sureties for Rogow, the plaintiff therein; undertaking to pay to Radin the amount of any judgment he might obtain against Rogow. That action terminated in favor of Radin on January 12, 1904, in a judgment against Rogow for $22.31. It appears from the evidence that on the 13th day of January, 1904, Radin assigned such judgment to this plaintiff. The defendants upon this trial made no motion to dismiss at the close of plaintiff's case, but relied upon two defenses: First, that the plaintiff had previously brought an action against these defendants upon the same cause of action as claimed in this, which action had resulted in favor of these defendants; and, second, that prior to the bringing of this action the defendants had brought an action against the plaintiff's assignor to recover upon a claim for goods sold and delivered, in which action no counterclaim had been interposed, although the defendant (Radin) in that action, it is claimed, could have properly set up as a counterclaim therein the claim upon the undertaking given by these defendants to him, and that, not having done so, he was barred from thereafter asserting such claim.

As to the first defense, the record of the action first brought by the plaintiff herein shows that such action was dismissed "for failure of proof," and, therefore, not having been dismissed upon the merits, the judgment therein is not a bar to the bringing of a new action.

As to the second defense, it is admitted upon the record that the first summons was issued on the 12th day of January, 1904, and an alias summons January 21, 1904, and served on that day. By section 26 of the Municipal Court act (Laws 1902, p. 1498, c. 580), an action is commenced by the service of a summons, and by section 30 of the same act (Laws 1902, p. 1499, c. 580) an action shall be deemed commenced at the time the summons is actually delivered for service. It not appearing when the first summons was actually delivered for service, if ever, the record does not disclose action commenced earlier than January 21, 1904. Therefore Radin, having assigned his judgment to this plaintiff upon January 12, 1904, was not the owner thereof when the defendants commenced their action, and therefore could not interpose it as a counterclaim. Moreover, the defendants rely upon section 2947 of the Code of Civil Procedure, which is apparently only applicable to Justices' Courts, and not to Municipal Courts. The judgment must be reversed.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.